UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MACK D. BUTTS              )
                          )
v.                        )    No. 3:02-0164
                          )    Judge Nixon/Brown
GLENN L. McCULLOUGH, JR.,)
et al.                    )

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Mack Butts' Motion for
Attorneys' Fees pursuant to 29 U.S.C. § 626 (Docket Entry No.
133), which is supported by memorandum (Docket Entry No. 134) and
affidavit (Docket Entry No. 135).  The Defendant, International
Association of Machinists and Aerospace Workers ("IAM") has filed
a response objecting to the total amount of fees requested
(Docket Entry No. 140).  For the reasons stated below, the
undersigned recommends that plaintiff's motion for attorneys'
fees be **GRANTED**.  The Magistrate Judge recommends that attorney
fees be awarded to the plaintiff as a prevailing party in the
requested amount of $22,800.

## I.

As a threshold matter, defendant in its response to
plaintiff's motion for attorneys' fees also includes objections
to the Bill of Costs. Plaintiffs have styled their motion as a
request solely for attorneys' fees, with a Bill of Costs being
filed separately (See Docket Entry No. 136).  The Bill of Costs

1

was taxed to the defendant on June 17, 2005 (Docket Entry No. 143), and because the defendant failed to notify the clerk of its objections to the Bill prior to taxing, these objections cannot now be raised. The clerk cannot be expected to find objections to the Bill of Costs in a response to a motion for attorneys' fees.

Fed. R. Civ. P. 54(d) provides the defendant the option to object to the Clerk's taxing of costs, but only upon a motion within five days of the opposed action. This deadline is established in part to encourage diligent oversight of court proceedings by the parties to a case. Because defendant failed to renew its objections to the Bill of Costs in a timely, properly directed motion before the court, this report will deal exclusively with the motion for attorneys' fees and the objections thereto.

## II.

Plaintiff filed for attorneys' fees pursuant to the ADEA, 29 U.S.C. § 626, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-311. 29 U.S.C. § 626 incorporates by reference the Fair Labor Standards Act, which provides that "the court in such an action shall, in addition to any judgment award to the plaintiff or plaintiffs, allow a reasonable attorney fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). T.C.A. § 4-21-311 similarly permits the court "to award to the plaintiff

2

actual damages..., together with the costs of the lawsuit, including a reasonable fee for the plaintiff's attorney of record."

It is undisputed that plaintiff Mack Butts is a prevailing party entitled to attorneys' fees as a result of his favorable jury verdict on claims of retaliation against defendant IAM. Once a right to fees has been established, the court must determine whether the fee requested is reasonable. <u>Hadix v. Johnson</u>, 65 F.3d 532, 535 (6th Cir. 1995). A reasonable fee may be established by taking the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. <u>See Hensley v. Eckhart</u>, 461 U.S. 424, 433 (1983). On this basis, plaintiff requests a fee award in the amount of $22,800, determined by a lodestar calculation of 114 hours reasonably expended at a rate of $200 per hour.

Defendant does not dispute that plaintiff is a prevailing party and is entitled to attorneys' fees, nor does defendant protest the reasonableness of the rate charged. Defendant does, however, object to the calculation of hours worked because several of the depositions taken by plaintiff's counsel were allegedly unrelated to the claim of retaliation against IAM on which plaintiff ultimately prevailed. Defendant asserts that time billed for the depositions of Mike Birk, Larry Brooks, Kim Lewis, Phillip Taylor, Clay Cherry, Ann Fielder, and Jennifer

Andrews should be removed from plaintiff's calculation of fees, as these deponents were particularly pertinent to the plaintiff's dismissed claims against the Tennessee Valley Authority ("TVA") and not pertinent to claims against IAM.

While it would have been a better practice for the defendant to convey to the Court exactly why these deponents were not related to any of plaintiff's claims against IAM, the court's cursory examination of the record reveals that each of the challenged deponents was an employee of dismissed defendant Tennessee Valley Authority ("TVA"). Several of the employees, including Mike Birk, Larry Brooks, Kim Lewis, Phillip Taylor, and Ann Fielder, were involved in the hiring process during which plaintiff alleged he was discriminated against due to his age (Docket Entry No. 97, p. 4). Defendant asserts that the hours billed for these depositions, totaling 5.75 hours, should be deducted from the fee award because these depositions did not relate to the retaliation claim against IAM on which plaintiff prevailed. Multiplying 5.75 hours by the $200 rate, defendant requests a reduction in fees of $1,150.

However, because the plaintiff is entitled to proceed on alternative legal theories, his discrimination and retaliation claims are sufficiently related, and because plaintiff achieved excellent results in litigating his case, the undersigned recommends plaintiff receive the full fee requested in the amount

4

of $22,800.

**III.**

When a prevailing party has succeeded only on some of its claims, the court must consider whether (1) the plaintiff's unsuccessful claims were related to the claims on which he succeeded and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended on such a claim an acceptable basis for the plaintiff's fee award. Hensley, 461 U.S. at 434.

In Hensley, the Supreme Court recognized that in cases where a plaintiff's claims for relief involve a "common core of facts" or related legal theories, counsel's time will be dedicated to the "litigation as a whole, making it difficult to divide hours expended on a claim-by-claim basis." Id. at 435. Plaintiff in this case raised theories of age discrimination and retaliation arising out of the same "core facts" relating to his unsuccessful attempts to procure a coveted permanent position with the TVA. The Sixth Circuit has recognized that age discrimination and retaliatory actions following complaints of such discrimination are related claims for purposes of a fee award. See Lilley v. BTM Corp., 958 F.2d 746, 756 (6th Cir. 1992), cert. denied, 506 U.S. 940 (1992). It is of no moment that some of plaintiff's deponents were employees of the TVA and were deposed on issues relating mostly to alleged violations of the ADEA by defendant

5

TVA, particularly when proof of plaintiff's retaliation claim was based largely on his removal from IAM's referral list between his two unsuccessful attempts to gain permanent employment with the TVA and following his EEO complaint alleging age discrimination by TVA.

For instance, both Ann Fielder and Mike Birk were questioned about the removal of Mr. Butts from the union referral list and its impact on Mr. Butts' candidacy at the TVA during the second hiring round in April 2001. (See Dep. Of Ann Fielder, Docket Entry No. 85, p. 38-40, 48-49; Dep. of Mike Birk, att'd to Docket Entry No. 76, p. 39-41). Defendant's counsel even chose to question Ms. Fielder on her knowledge of the union's referral list during the deposition. (Dep. Of Fielder, Docket Entry No. 85, p. 48). It is this omission of Mr. Butts' name on the referral list that formed the basis for IAM's liability in the instant matter. Because the successful retaliation claim and the unsuccessful discrimination claims arise out of the same core set of facts involving plaintiff's attempts to seek employment with the TVA, the undersigned would not reduce fees simply because some of the deponents happen to be employees of a dismissed defendant.

In addition, plaintiff's success in this matter warrants a full fee award. "Where a plaintiff has achieved excellent results, his attorney should recover a full compensatory

6

fee...the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." <u>Hensley</u>, 461 U.S. at 435. While plaintiff's discrimination claims against the TVA defendants failed, plaintiff's success on his related claims of retaliation against IAM can in no way be described as limited. "When claims are based on a common core of facts or are based on related legal theories...the cost of litigating the related claims should not be reduced." <u>Thurman v. Yellow Freight Systems, Inc.</u>, 90 F.3d 1160, 1169 (6th Cir. 1996).

It is entirely reasonable to award a full compensatory fee in this situation--a reasonable fee is one that is "adequate to attract competent counsel, but [does] not produce windfalls to attorneys." <u>Blum v. Stenson</u>, 465 U.S. 886, 897 (1984). Plaintiffs may in good faith raise alternative legal theories to seek redress, and it is the overall relief obtained by the plaintiff which should be the focus of the court's fee determination. <u>Hensley</u>, 461 U.S. at 434. Plaintiff in this action was awarded over $500,000 in back pay, front pay, and liquidated damages upon the jury's finding of his entitlement to same.

Because the retaliation claim on which plaintiff succeeded achieved excellent results, and because that claim is sufficiently related to plaintiff's age discrimination claim

7

against TVA, the undersigned recommends a full fee award in the amount of $22,800.

## IV.

In light of the foregoing, the undersigned recommends that plaintiff's motion for attorney's fees be **GRANTED,** and that he be awarded $22,800.

Under Rule 72 of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'q denied, 474 U.S. 1111 (1986).

**Entered** this 17 day of October, 2005.


/s/ Joe B.Brown
JOE B. BROWN
United States Magistrate Judge

8